# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Marilyn Williams, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Total Life Changes, LLC,<br><br>        Defendant. | Case No._____<br>(Removed from Hennepin County Court, Fourth Judicial District Case No. 27-CV-20-14517)<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Total Life Changes, LLC ("TLC"), through the undersigned counsel, hereby files this Notice of Removal of this civil action from the Minnesota District Court, Fourth Judicial District, Hennepin County, to the United States District Court for the District of Minnesota. In addition to this Notice of Removal, TLC also relies on the accompanying Declaration of John Licari ("Licari Decl."). This Court has jurisdiction under 28 U.S.C. §§ 1332 (a)(1) and 1332(d) (the "Class Action Fairness Act of 2005 ("CAFA")). In further support of this Notice of Removal, TLC states as follows:

## INTRODUCTION

1. On or about November 6, 2020, plaintiff Marilyn Williams ("Plaintiff") commenced this action by serving on TLC the attached Summons and Class Action Complaint (the "Complaint"), bearing the caption *Marilyn Williams v. Total Life Changes, LLC*. The Complaint was subsequently filed in Minnesota District Court,

Fourth Judicial District, Hennepin County, Minnesota, and assigned Minnesota State Court File Number 27-cv-20-14517. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits served upon TLC are appended to this Notice of Removal as Exhibit A.

2. In the Complaint, Plaintiff alleges that TLC falsely advertised and labeled its Iaso Raspberry Lemonade Tea (the "Product") as "not containin[ing] Tetrahydrocannabinol ("THC") when in fact the product does contain THC." (Exhibit A, Complaint, ¶ 2.) Plaintiff alleges that "[a]fter purchasing and consuming" the Product, "Plaintiff failed her employer drug test and was terminated after the test came back positive for THC." (*Id.* ¶ 6.)

3. Plaintiff claims that TLC violated the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.*, the Minnesota Unlawful Trade Practice Act, Minn. Stat. § 325D.09 *et seq.*, and the Minnesota False Statements in Advertising Act, Minn. Stat. § 325F.67. (*Id.* ¶¶ 1-2, 82 -106.) Plaintiff also claims that TLC is liable under the common law. (*Id.* ¶¶ 107-112.)

4. Plaintiff seeks to pursue such claims on her own behalf, and also seeks to represent, and pursue such claims on behalf of, a class of "[a]ll persons who within the last six years of the filing of the complaint: (1) purchased [the Product] from [TLC] or [TLC's] Life Changers; (2) while residing in Minnesota; (3) for personal use and not resale." (*Id.* ¶ 72.)

5. This action may be removed to the United States District Court for the District of Minnesota on two separate grounds. First, the Complaint is removable because the Court has original jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332(a). Second, the Complaint is brought on behalf of a putative class that gives rise to jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d).

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the time of service. Plaintiff served TLC on November 6, 2020.

7. The United States District Court for the District of Minnesota is the federal district court for the district embracing the place where the state court action was pending. *See* 28 U.S.C. § 1441(a).

8. A Notice of Filing Notice of Removal will be filed with the Minnesota District Court, Fourth Judicial District, Hennepin County, as required by 28 U.S.C. § 1446(d), and is attached hereto as Exhibit B. Copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332 BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

9. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action when diversity among the parties is present and the amount in controversy exceeds the sum or value of $75,000.

10. For purposes of determining the amount in controversy upon removal, the Court assesses "not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Punitive damages are included when determining the amount in controversy. *See, e.g., Mathias v. Hettich*, NO. 2-CV-1014 (SRN/LIB), 2020 WL 5708920, at *2 (D. Minn. Sept. 24, 2020).

11. Demands for restitution and statutory attorneys' fees are also included when determining the amount in controversy. *See Winters v. Winters*, No. 19-CV-3177-SRN-KMM, 2020 WL 1049145, at *7 n.9 (D. Minn. Feb. 11, 2020), *report and recommendation adopted*, No. 19-CV-3177 (SRN/KMM), 2020 WL 1043742 (D. Minn. Mar. 4, 2020) (including relief for restitution when determining amount in controversy); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (noting that statutory attorneys' fees count towards amount in controversy); Minn. Stat. § 8.31, subd. 3a (authorizing reasonable attorneys' fees for violations of Minn. Stat. § 325F.68 *et seq.*, Minn. Stat. § 325D.09 *et seq.*, and Minn. Stat. § 325F.67).

      **a.** **Minimal Diversity Exists**

12. Minimal diversity exists under 28 U.S.C. § 1332(a)(1) when plaintiffs and defendant(s) are citizens of different states.

13. Plaintiff alleges that she is a citizen of Alabama. (Exhibit A, Complaint ¶ 9.)

14. TLC is a citizen of Michigan because it is a Michigan limited liability company with its principal place of business in Michigan. (*Id.* ¶ 11.) "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also ARP Wave, LLC v. Salpeter*, 364 F. Supp. 3d 990, 1001 (D. Minn. 2019) (noting "for purposes of diversity jurisdiction, a limited-liability company ('LLC') takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'") (internal quotations omitted). Jack Fallon is the sole member of TLC. (*Id.* ¶ 12.) Mr. Fallon is a citizen of Michigan. (*See* Licari Decl. ¶ 3.)

15. Therefore, diversity exists because Plaintiff is a citizen of a different state than TLC and its members.

### b. Plaintiff Seeks Relief in Excess of $75,000

16. Although Plaintiff does not specify in the Complaint the amount of relief she seeks, it is apparent from the face of the Complaint that she seeks relief in excess of $75,000.

17. While TLC disputes Plaintiff's allegations, including that Plaintiff is entitled to damages, Plaintiff's Complaint puts in controversy the amount necessary for diversity jurisdiction.

18. Plaintiff claims that TLC's alleged false advertising and mislabeling caused her to fail her employer's drug test, which caused the termination of her employment in Minnesota. (*See* Exhibit A, Complaint ¶¶ 6, 10, 59-64.)

19. According to Ziprecruiter, the average annual compensation for employees employed in Minnesota is approximately $57,000 per year. *See* https://www.ziprecruiter.com/Salaries/Average-Salary--in-Minnesota (last accessed November 20, 2020).

20. Plaintiff also alleges she paid $115 for the Product and two other products. (Exhibit A, Complaint ¶¶ 43-44.)

21. In her Complaint, Plaintiff demands "[m]onetary damages," "restitution," "[p]enalties as provided by law," permanent injunctive relief, attorneys' fees, and potentially punitive damages on behalf of herself and the putative class. (*Id.* at p. 19, Prayer For Relief.)  It is apparent from the face of the Complaint that Plaintiff seeks relief in excess of $75,000 because Plaintiff seeks, among other things compensatory damages (including her alleged loss of income), attorneys' fees, penalties, and injunctive relief. Because all of the requirements of 28 U.S.C. § 1332(a) are met, TLC is entitled to remove this action to this Court.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d) BECAUSE THIS COURT HAS JURISDICTION UNDER CAFA

22. This Court also has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § l332(d).  CAFA grants district courts original jurisdiction over class actions filed under state law in which: (1) any member of a putative class is a citizen of a state different from any defendant; (2) the members of the putative class are over 100 people; and (3) where the amount in controversy for the putative class exceeds $5,000,000. *Id.*

23. When the notice of removal *plausibly alleges* that a class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (citations omitted). "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.*

      **a.**    **Minimal Diversity Exists**

24. Minimal diversity exists under CAFA when any plaintiff, or prospective class-member, is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2)(A).

25. Plaintiff alleges that she is a citizen of Alabama. (Exhibit A, Complaint ¶ 9.) Plaintiff also seeks to represent a class of "all persons who within the last six years of the filing of the complaint: (1) purchased [the Product] from [TLC] or [TLC's] Life Changers; (2) while residing in Minnesota; (3) for personal use and not for resale." (*Id.* ¶ 72.) In contrast, TLC is a citizen of Michigan. (*Id.* ¶ 11; *see also* Licari Decl. ¶ 3.) Therefore, diversity exists as Plaintiff and the putative class members are citizens of a different state than TLC.

      **b.**    **There Are at Least 100 Members in Plaintiff's Putative Class**

26. CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B).

27. As noted above, Plaintiff seeks to represent a class of "all persons who within the last six years of the filing of the complaint: (1) purchased [the Product] from [TLC] or [TLC's] Life Changers; (2) while residing in Minnesota; (3) for personal use and not for resale." (Exhibit A, Complaint ¶ 72.)

28. Plaintiff further estimates that there are more than 40 potential members of the Class. (*See* Complaint ¶ 75.)

29. While TLC disputes that Plaintiff's claims are appropriate for class treatment, TLC's records reflect that that more than 600 persons with residential shipping and billing addresses in Minnesota have purchased the Product during the last two years alone. (*See* Licari Decl. ¶ 4.)

   c. **Plaintiff Seeks Relief in Excess of $5,000,000**

30. Notwithstanding Plaintiff's failure to allege the total amount of monetary relief she seeks, CAFA authorizes the removal of class actions in which the amount in controversy for all potential class members exceeds $5 million. *See* 28 U.S.C. § 1332(d). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

31. TLC denies Plaintiff's claim of wrongdoing, denies the allegations in the Complaint, and denies that Plaintiff can meet the requirements for class certification. As pled, however, the total amount of compensatory damages, restitution, penalties, punitive damages, attorneys' fees, injunctive relief and other monetary relief at issue in this action,

8

on an aggregate, class-wide basis, would exceed CAFA's $5 million jurisdictional minimum.

32. Indeed, since 2014, more than 600 different individuals with residential shipping and billing addresses in Minnesota have purchased the Product. (*See* Licari Decl. ¶ 4.)

33. As discussed above, one of Plaintiff's demands for relief seeks money damages, which, according to Plaintiff's allegations would include her lost income. (Exhibit A, Complaint at p. 19, Prayer For Relief.) While TLC disputes Plaintiff's allegations and disputes that other persons lost their employment as a result of any conduct by TLC, Plaintiff's allegations in her Complaint presume that the putative class she seeks to represent sustained damages similar to or the same as the damages for which Plaintiff claims. As set forth above, the average annual income for employees in Minnesota is $57,000. Because the putative class arguably consists of more than 600 people, the potential relief Plaintiff seeks on behalf of putative class members (who Plaintiff alleges are similarly situated) exceeds CAFA's $5 million jurisdictional limit.

34. Accordingly, because all of the requirements of CAFA are met, TLC is entitled to remove this action to the United States District Court for the District of Minnesota for this additional and separate reason.

## **RESERVATION OF RIGHTS AND DEFENSES**

35. No admission of fact, law, liability or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are

9

reserved. TLC does not waive, and expressly reserves, all rights, including but not limited to, the rights to challenge: (a) Plaintiff's standing, pursuant to Rule 12(b)(1); (b) whether Plaintiff has stated a claim upon which relief may be granted, pursuant to Rule 12(b)(6); and (c) the propriety of class certification pursuant to Rule 23.

36.     If any question arises as to the propriety of the removal of this action, TLC requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

**WHEREFORE**, TLC respectfully removes this action from Minnesota District Court, Fourth Judicial District, Hennepin County, to the United States District Court for the District of Minnesota.

Dated this 3rd day of December, 2020.     Respectfully submitted,

/s/ Kristina H. Kaluza
Kristina H. Kaluza (#0390899)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 486-1520
kkaluza@dykema.com

- and -

Lauri A. Mazzuchetti
(*pro hac vice* to be submitted)
Glenn T. Graham
(*pro hac vice* to be submitted)
KELLEY DRYE & WARREN LLP
One Jefferson Road

        Parsippany, New Jersey 07054
        (973) 503-5900
        lmazzuchetti@kelleydrye.com
        ggraham@kelleydrye.com

        *Attorneys for Defendant*
        *Total Life Changes*, *LLC*